IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

EARL MARSHALL ALLEN, JR.         :

    v.                          :   Civil Action No. DKC 09-1503

JACK B. JOHNSON, et al.          :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this Title VII and Americans with Disabilities Act case is Defendants' motion to dismiss, or in the alternative, for summary judgment (Paper 6). The issues are fully briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, the motion for summary judgment will be granted.

**I. Background**

Plaintiff Earl Marshall Allen is a deaf man. In June 2007, Plaintiff applied for a paralegal position with the Prince George's County Department of Corrections ("DOC"). (Paper 6, Ex. 1.1). The extensive application process included an initial application, polygraph examination, record check, background investigation, fingerprinting, and extensive personal data questionnaires. (Paper 6, Exs. 1, 1.2-1.4). After submitting all appropriate forms, Plaintiff submitted to and passed his

polygraph examination. The Prince George's County Office of Human Resources rated his application as one of the most qualified during a preliminary screening process. Plaintiff's application was forwarded to DOC for its rating, review and selection of the most qualified candidate for the position. During the DOC interview process, Plaintiff was ranked as the most qualified candidate for the position. Throughout the process Plaintiff exchanged emails with JoAnn Turner, an administrative aide with DOC, regarding the scheduling of interviews, materials he would need to submit, and the status of his application in general. (Paper 6, Ex. 1.7).

Plaintiff's background investigation was received by DOC on October 26, 2007. (Paper 6, Ex. 1.8). The background investigation revealed that Plaintiff had been accused of sexual misconduct while a resident advisor at Gallaudet University. (Paper 6, Exs. 1.8-1.9). William Frazier, chief of the Human Resources Division, reviewed the background investigation in early to mid-November 2007. (Paper 11, Ex. 1).

On November 2, 2007, Plaintiff called Ms. Turner to check his application status. Ms. Turner, aware of Plaintiff's disability, asked Plaintiff what accommodations would be needed in order for him to perform the job's requirements. The necessary accommodations that Plaintiff specified included an interpreter for staff meetings and a Sorensen Video Relay

2

Service if he was required to make or receive telephone calls. (Paper 6, Ex. 1.7, at 20). It was determined that the cost of interpretation services would be $170 for the first hour and $65 per hour thereafter. (*Id.* at 48). Ms. Turner requested information regarding the installation of the Sorensen Video Replay Service in December 2007. (*Id.* at 55). Ms. Turner was not aware of the results of the background investigation, and is not involved in the DOC hiring process other than to "co[n]vey hiring decisions to applicants." (Paper 11, Ex. 2).

On January 29, 2008, while Plaintiff's application was still pending, Ms. Turner notified Plaintiff of a county-wide hiring freeze. (Paper 6, Ex. 1.10). On April 7, 2008, DOC sent a letter to Plaintiff informing him that he was not selected for the position. (Paper 6, Ex. 1.11).

Plaintiff filed a timely complaint of discrimination with the Prince George's County Human Rights Commission on May 6, 2008. (Paper 6, Ex. 1.12). The Commission's executive director determined that there was reasonable cause to believe the charge was true. On November 17, 2008, the Commission held a conciliation conference where Defendants asserted, for the first time, that Plaintiff was not hired because of the information revealed in the background investigation. (Paper 6, Exs. 1.13, 1.17). The executive director dismissed Plaintiff's case on December 16, 2008 (Paper 6, Ex. 17), and on appeal, the

Commission upheld the decision. The Equal Employment Opportunity Commission issued Plaintiff a notice of right to sue dated March 10, 2009. (Paper 6, Ex. 1.21).

Plaintiff filed a complaint in this court on June 8, 2009, alleging that DOC rejected his application for the paralegal position because of his disability. (Paper 1). Defendants filed a motion to dismiss or, in the alternative, for summary judgment on October 6, 2009. (Paper 6). That motion is now fully briefed.

**II. Standard of Review**

Defendants have moved to dismiss Plaintiff's complaint pursuant to Fed.R.Civ.P. 12(b)(6), or in the alternative for summary judgment pursuant to Fed.R.Civ.P. 56. When "matters outside the pleading are presented to and not excluded by the court, the [12(b)(6)] motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." Fed.R.Civ.P. 12(b).

Here, Defendants have appended multiple exhibits to their motions, including application documents, correspondence, and several affidavits. Plaintiff has also attached his own affidavit. Generally, where the parties present matters outside of the pleadings and the court considers those matters, the court will treat the motion as one for summary judgment. *See Gadsby by Gadsby v. Grasmick*, 109 F.3d 940, 949 (4th Cir. 1997);

4

*Paukstis v. Kenwood Golf & Country Club, Inc.*, 241 F.Supp.2d 551, 556 (D.Md. 2003).

It is well established that a motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(f); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Emmett v. Johnson*, 532 F.3d 291, 297 (4th Cir. 2008). In other words, if there clearly exists factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," summary judgment is inappropriate. *Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 250 (1986); *JKC Holding Co. LLC v. Washington Sports Ventures, Inc.*, 264 F.3d 459, 465 (4th Cir. 2001).

When ruling on a motion for summary judgment, the court must construe the facts alleged in the light most favorable to the party opposing the motion. *See Scott v. Harris*, 127 S.Ct. 1769, 1774 (2007); *Emmett,* 532 F.3d at 297. A party who bears the burden of proof on a particular claim must factually support each element of his or her claim. *Celotex Corp.*, 477 U.S. at 323. "[A] complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial." *Id*. Thus, on those issues on which the nonmoving party will have the burden of proof, it is his or her responsibility to

5

confront the motion for summary judgment with an affidavit or other similar evidence in order to show the existence of a genuine issue for trial. *See Anderson*, 477 U.S. at 254; *Celotex Corp.*, 477 U.S. at 324. "A mere scintilla of proof, however, will not suffice to prevent summary judgment." *Peters v. Jenney*, 327 F.3d 307, 314 (4th Cir. 2003). There must be "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson*, 477 U.S. at 249. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id*. at 249-50. (citations omitted).

**III. Analysis**

In his complaint, Plaintiff claims that Defendants violated the Americans with Disabilities Act ("ADA") when they did not hire him. He contends the reason he was not hired was that Defendants wanted to avoid making reasonable accommodations for his disability. (Paper 10, at 9). Defendants dispute this characterization and argue that Plaintiff was not hired due to the results of his background investigation.

The ADA prohibits employers from "discriminat[ing] against a qualified individual with a disability because of the disability of such an individual in regard to job application procedures, the hiring, advancement, or discharge of employees . . . ." 42 U.S.C. § 12112(a). Under the ADA, "not making

6

reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee" falls within the definition of discrimination. 42 U.S.C § 12112(b)(5)(A).

Failure-to-hire claims asserted under the ADA are evaluated under a modified version of the framework promulgated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Under the *McDonnell Douglas* scheme, a plaintiff must first make a *prima facie* showing of discrimination by showing that he (1) is disabled within the meaning of the ADA; (2) applied for the vacant position; (3) was qualified for the position; and (4) was rejected for the position under circumstance giving rise to an inference of unlawful discrimination. *See Anderson v. Westinghouse Savannah River Co.*, 406 F.3d 248, 268 (4th Cir. 2005); *Mackey v. Shalala*, 360 F.3d 463, 468 (4th Cir. 2004).

If a plaintiff alleges that the reason for his non-hire was discriminatory, the defendant has an opportunity to offer a legitimate, non-discriminatory reason for the rejection of the applicant. *See Williams v. Staples, Inc.*, 372 F.3d 662, 668 (4th Cir. 2004). Once the defendant offers a non-discriminatory justification, the burden is on the plaintiff to establish "that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination." *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981).

Where the plaintiff can show the falsity of the defendant's proffered explanation and a reasonable jury could infer that the explanation is pretextual, summary judgment is inappropriate. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 147 (2000).

The first element of the *prima facie* case is satisfied here. In his complaint, Plaintiff specifies that his disability is deafness. It is well established that deafness is a recognized disability under the ADA. 29 C.F.R. § 1630.2(i); *Bryant v. Better Bus. Bureau*, 923 F.Supp 720, 743 (D.Md. 1996).

No dispute exists as to the second element, as both parties admit that Plaintiff applied for the paralegal position. Similarly, Plaintiff has shown that he was generally qualified for the position.[1]

As to the fourth element, the evidence permits an inference of discrimination based on the timing of events. The results of the background investigation were available before any inquiry on necessary accommodations was made, implying that nothing in the investigation was necessarily fatal to Plaintiff's

---

[1] Defendants argue that Plaintiff was not qualified because his background investigation was not successfully completed. When the issues of qualification for the position as part of the *prima facie* case and the purported non-discriminatory reason for the refusal to hire turn on the same facts, it is important not to apply the *prima facie* test "too strictly" so as to avoid premature dismissal. *Warch v. Ohio Cas. Ins. Co.*, 435 F.3d 510, 517 (4th Cir. 2006), *cert. denied*, 549 U.S. 812 (2006).

application.  Only once the cost of the accommodations was known did Plaintiff's background investigation become important.  Furthermore, Defendants did not provide their explanation for the refusal to hire until after a complaint was filed.  Thus, Plaintiff has set forth a *prima facie* case.

Plaintiff has not, however, shown that Defendants' proffered non-discriminatory reason is pretext for unlawful discrimination, i.e., Plaintiff's background investigation revealing past misconduct.  The affidavits of Defendant Mary Lou McDonough, deputy director of the Bureau of Administration of DOC; William Frazier, chief of the Human Resources Division; Verjeana McCotter-Jacobs, chief of the Division of Office of Professional and Legal Affairs; and administrative aide JoAnn Turner each articulate concerns about the background investigation.  (Paper 11, Exs. 1-4).

Plaintiff does not argue that Defendants' non-discriminatory reason is false nor does he deny the sexual misconduct allegations revealed by the background investigation.  Furthermore, Plaintiff does not contend that a negative finding in a background investigation is not a legitimate, non-discriminatory reason not to hire a candidate.

Plaintiff does argue that Defendants' proffered reason was not offered until long after he was informed he would not be hired.  He was informed of a hiring freeze on January 29, 2008,

notified of his rejection on April 7, 2008 and was not told that the background investigation was the reason until the November 17, 2008 conciliation conference. Offering different justifications at different times could be evidence that an employer's explanation is pretext for unlawful discrimination. *See EEOC v. Sears Roebuck and Co.*, 243 F.3d 846, 852-53 (4th Cir. 2001). Here, however, Defendants did not offer conflicting reasons; rather, they only provided an explanation once called upon to do so during the conciliation process.

Here, although Plaintiff was informed of the hiring freeze, he was still considered a candidate until March 2008, when a final decision was made (Paper 10, Ex. 1 ¶ 20). The hiring freeze is documented in Paper 6, Ex. 1.10. When notified of his rejection in April 2008, Plaintiff did not receive an explanation of the reason he was not hired. It was the practice not to provide any reason. The background investigation was the first and only justification offered by Defendants for not hiring Plaintiff. Defendants notified Plaintiff of the hiring freeze on January 29, 2008 to explain a delay in the hiring process to a candidate who was still being considered at that time. Although the background investigation was reviewed in early to mid-November by others, Ms. Turner was unaware of the background investigation results when she inquired about

accommodations. She was not privy to any conversations regarding a hiring decision.

The exhibits offered by Defendants show that the background investigation revealed allegations of sexual misconduct and that concerns over the incident were the reason for not hiring Plaintiff. No basis exists on which a reasonable finder of fact could conclude that the decision not to hire Plaintiff was based on an unlawful refusal to make reasonable accommodations for the deafness of Plaintiff.

## IV. Conclusion

For the foregoing reasons, Defendants' motion to dismiss, construed as a motion for summary judgment, will be granted. A separate Order will follow.

/s/
DEBORAH K. CHASANOW
United States District Judge